**STATE of Missouri, Respondent,**

v.

**Terrill JENNINGS, Appellant.**

**WD 39881.**

Missouri Court of Appeals,
Western District.

Oct. 4, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Sean O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

Jennings was jury convicted on one of three counts of sodomy, Section 566.060, RSMo.1986. Jennings having received a prior sodomy conviction was sentenced (thirty years in prison without parole) as a persistent sexual offender under Section 558.018. The sufficiency of the evidence to support the conviction is not raised on appeal.

The Independence, Missouri Jaycees had a program of taking underprivileged children to shop for Christmas presents. On the morning of Saturday, December 13, 1986, Jennings as one of several participating Jaycees picked up and took Mark, then age 11, David, age 12 and another boy, James, to a Venture Store to shop for clothes. Jennings had called the boys' parents and had made arrangements to take them. Jennings whose first name is Terrill had used the name "Abner" with Mark's mother. Under Count I and II Jennings was accused of putting his hands down the pants of Mark and David in the fitting room of the Venture store. Jennings was found innocent on both counts.

After shopping at Venture, the defendant drove the boys to a nursing home where they visited with elderly patients and wrapped presents. Later that afternoon Jennings took David and James home, but told Mark he needed to go back to the

Jaycee's office to receive a telephone call. Once at the office, Jennings took Mark to a room upstairs, locked a door behind them (the boy could not reach the lock) and had Mark pull down his pants. Jennings pulled up Mark's shirt, rubbed his chest telling him "you'll grow hair on your chest," and then moved "his hand around," on the boy's "ding dong" and "balls," for about twenty-five minutes. This incident formed the basis of the third count on which this appeal rests.

Mark's mother said the boy was very quiet when he got home. He and David told their mothers what had happened that day. Jennings' evidence consisted of three fellow Jaycees who were his friends and who were at Venture and the nursing home. They basically told the jury it would have been very difficult for the acts complained of in the Venture fitting rooms to have occurred. The unrebutted testimony of Mark as to the incident at the Jaycee office supported the guilty verdict on Count III.

■ Jennings attacks the verdict director on Count III which tracked 320.08.2 MAI–Cr3rd and read:

### INSTRUCTION NO. 7

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 13, 1986, in the County of Jackson, State of Missouri, the defendant rubbed Mark's penis, and

Second, that Mark was then less than fourteen years old, and

Third, the defendant was not then married to Mark, then you will find the defendant guilty under Count III of sodomy.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

He notes the only distinction between Instruction No. 6, the verdict director for Count II, which involved the same victim but referred to rubbing of both the penis and testicles, and No. 7 which referred only to rubbing the penis. His point seems to be the verdict director did not differentiate or properly describe the two events.

Jennings was tried for three sodomys perpetrated the same day. The Notes on Use to 320.08.2 in paragraph 2 suggest the time of day should be set out in the instruction if the defendant has been charged with more than one sodomy on the same victim on the same day. Under the facts of this case the instructions could have set out the morning incident at Venture with Mark constituted Count II and the afternoon incident at the Jaycee office with the same victim formed the charge in Count III. The record shows the jury understood from argument of counsel, the two separate counts, and this is reflected by the not guilty verdict for both the dressing room charges at Venture. *State v. Burch,* 740 S.W.2d 293, 296 (Mo.App.1987). This was not a situation where an instruction allowed the jury to convict of either a charged act or one not charged. *State v. Pope,* 733 S.W.2d 811, 813 (Mo.App.1987). As opposed to *State v. Mitchell,* 704 S.W.2d 280 (Mo.App.1986), the court finds no prejudice here which calls for a new trial. *State v. Douglas,* 720 S.W.2d 390, 394 (Mo.App.1986). In *Mitchell, supra,* the defendant had been denied a bill of particulars, not so in this case, for the failure in the instruction to specify the time or place of each event did not hinder a defense. *State v. Fletcher,* 709 S.W.2d 924, 926 (Mo.App.1986).

■ As a variation on this point Jennings contends there is a double jeopardy problem because, "it is impossible to determine which episode went unproven." This same argument was presented in *Douglas, supra,* and decided adversely to the defendant. 720 S.W.2d at 395. The instructions here were from MAI and will not be declared prejudicially erroneous just because the verdict directors were similar, *State v. Doney,* 622 S.W.2d 227 (Mo.App.1981).

■ Jennings further complains the verdict director should have contained a provision of intent on his part to arouse or

gratify sexual desire. *State v. Fields*, 739 S.W.2d 700, 704 (Mo. banc 1987). Again, the use of an approved instruction will not result in a reversal. *State v. Singer*, 719 S.W.2d 818 (Mo.App.1986).

 Jennings next contends Instruction No. 7 was improper because it "used the generic term 'rubbed'" in the first paragraph without requiring the jury to find what Jennings used to rub the boy's penis. He also points out the information used the term "fondled", and the instruction referred to "rubbed." The only way this point could have been successful is if the language of the instruction submitted a new offense other than the one charged. *State v. Coleman*, 660 S.W.2d 201, 218 (Mo.App.1983). This was not the case. Moreover, the jury was not misled as to what "rubbed" meant, or the fact that the rubbing was done with Jennings' hand. The point is denied.

Jennings next point is somewhat attenuated. He would find error in the trial court's failure to submit his verdict director which added the provision that Jennings' touching was, "for the purpose of arousing his own sexual desire." The quoted language partially states the statutory definition of "sexual contact" as defined in Section 566.010.1(3), as it pertains to the separate crime of sexual abuse in the first degree, Section 566.100. This point ends up by casting error on the failure to submit the lesser included offense of first degree sexual abuse. A similar argument presented in *State v. Holmes*, 654 S.W.2d 133, 135 (Mo.App.1983), was rejected. There was no evidence here of any gratification being brought to Jennings. The approved instruction for the crime charged does not include anything about arousing or gratifying the sexual desire of any person, Section 566.010.1(3), *supra*. Under these facts the prosecutor had the discretion to charge under Section 566.060 or 566.100. It is held no error resulted in not also submitting on Section 566.100, *Holmes, supra* at 136.

Jennings next point attacks the definition of "reasonable doubt" instructions. This oft-raised point is again denied. *State*

*v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987).

In his final point Jennings appeals the court's ruling that he not argue an adverse inference from the fact the state did not call the third boy, James, as a witness after having endorsed him. This point lacks any merit. First, the defendant was found not guilty on the events at Venture. James had long been taken home when the sodomy was committed at the Jaycee office. Secondly, James had but one thing in common with David and Mark, he was an underprivileged child who was selected to go shopping for presents. He had gone to school with David but was in a different class. Most importantly, there was no showing James was not equally available. The fact the prosecution did not call him after he was endorsed does not give rise to an adverse inference in favor of the defendant. *State v. McClain*, 531 S.W.2d 40, 45 (Mo.App.1975).

JUDGMENT AFFIRMED.