**STATE of Missouri, Respondent,**

v.

**Anthony WILLIAMS, Appellant.**

**No. 55317.**

Missouri Court of Appeals,
Eastern District.

Dec. 26, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1990.

Application to Transfer Denied
March 13, 1990.

Post Conviction Relief Denied
May 1, 1990.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

SIMON, Chief Judge.

Appellant, Anthony Williams, was convicted by a jury of sodomy, § 566.060.3, RSMo (1986), and sexual abuse in the first degree, § 566.100, RSMo (1986) (hereinafter all further references shall be to RSMo (1986) unless otherwise noted). The trial court found appellant to be a prior and persistent offender and sentenced him to a ten year term of imprisonment for sodomy and a consecutive five year term of imprisonment for sexual abuse in the first degree.

In his sole point on appeal, appellant contends that the trial court erred in dismissing appellant's objection to the state's verdict director, Instruction No. 5, on the charge of sodomy because said jury instruction did not conform to MAI–CR3d and misstated the law in that neither the term "deviate sexual intercourse" or "sexual act" or a definition of same were included in the instruction, which permitted the jury to find appellant guilty of sodomy without finding that the state had proved the elements of sodomy.

Appellant does not challenge the sufficiency of the evidence, so a brief summary of the facts will suffice. On October 24, 1987, appellant was charged by indictment with one count of sodomy alleging deviate sexual intercourse with J.H. to whom appellant was not married and who was less than fourteen years old, and with one count of sexual abuse in the first degree in that appellant had subjected J.H., a person less than twelve years old, to sexual contact.

On May 23, 1988, a jury trial commenced. Mistrial was declared on May 25, 1988. The jury was unable to reach a verdict. Appellant's motion for a change of judge was then granted, and a subsequent jury found appellant guilty on both counts.

In the light most favorable to the jury's verdict, the evidence indicates that appellant became involved with R.H., a widow and mother of J.H. In September of 1985, appellant moved in with R.H. and J.H. R.H. testified that J.H. began having temper tantrums, nightmares, and bed-wetting after appellant moved in with them. She also testified that on two occasions she had observed J.H. reach down and touch appellant's penis when appellant kissed J.H. On another occasion, R.H. noticed bruises all over J.H.'s body. In late February or early March, 1986, R.H. noticed blood from J.H.'s rectal area and also saw a rectal tear.

J.H., who was age six at the time of trial, testified that appellant would come into his bedroom at night and, with their underwear off, would have J.H. touch and "rub" appellant's penis. Appellant also touched J.H.'s penis. Appellant would also turn J.H. over on his stomach, remove J.H.'s clothing and put a "thundercat sword" into J.H.'s bottom.

J.H. was examined in the emergency room at Cardinal Glennon Hospital on June 27, 1987. He was thereafter referred to the Sexual Abuse Management Clinic for further evaluation by Dr. James A. Monteleone. Dr. Monteleone testified at trial that he found that J.H.'s sphincter was lax which indicated anal trauma, and an old, pigmented scar which indicated that the scar had been opened and reopened many times. He felt that this examination revealed various physical findings and behavioral indicators that were consistent with chronic sexual abuse.

Appellant did not testify but called three witnesses on his behalf. At the close of the state's case and the close of all the evidence, appellant made motions for a directed verdict, which were denied. Appellant's request for verdict directors for two counts of sexual misconduct also was denied. Additionally, appellant raised objections to the state's verdict directors, Instructions Nos. 5 and 7, claiming that they misstated the law. These objections were overruled.

The jury returned guilty verdicts on both counts and on August 12, 1988, appellant's motion for new trial was denied. There-

after, judgment and sentence were pronounced.

On appeal, defendant raises error only as to the sodomy count. He attacks Instruction No. 5, the sodomy verdict directing instruction which tracks 320.08.2 MAI–CR3d, and states:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that between Wednesday, January 1, 1986, and Saturday, June 27, 1987, in the County of St. Louis, State of Missouri, the defendant had J.H. touch defendant's penis with his hand, and

Second, that J.H. was then less than fourteen years old,

then you will find the defendant guilty under Count I of sodomy.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count I of sodomy, you will return a verdict finding him guilty of sodomy.

Section 566.060.3 states that, "A person commits the crime of sodomy if he had deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Section 566.010.1(2), which is applicable to the sodomy statute, § 566.060.3, defines "deviate sexual intercourse" to mean "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." MAI–CR3d 320.08.2 is the correct instruction to be used for this offense.

The introductory portion of MAI–CR3d, titled "How To Use This Book," at page XLII instructs that, "Brackets contain directions concerning the use or completion of the instructions. These directions may instruct the user how to use specific words or phrases contained in the instruction. Or, they may be suggestions for drafting of other appropriate language to be inserted in the instruction." Further, MAI–CR3d 320.08.2 instructs the user to complete paragraph First as follows: "the defendant [*Describe acts constituting devi-*

*ate sexual intercourse.*]" Accordingly, the submitted instruction should describe "acts constituting deviate sexual intercourse." Therefore, the instruction should specify what took place between appellant and J.H. which constitutes the act or acts which are violative of the sodomy statute, § 566.060.3.

Appellant alleges that Instruction No. 5 fails to inform the jury that the acts constituting deviate sexual intercourse must be sexual acts. Therefore it does not conform to MAI–CR3d 320.080.2 and fails to establish all the necessary elements of sodomy.

Instruction No. 5 conforms to MAI–CR3d 320.08.2 which requires the user to *describe* not define the acts constituting deviate sexual intercourse. The terms that appellant seeks to define were not submitted to the jury. It is sufficient that the instruction described the act. Instruction No. 5 clearly describes an act involving the genitals of the defendant and the hand of J.H., which complies with the definition of deviate sexual intercourse set forth in § 566.010.1(2). This also accurately sets forth the deviate sexual intercourse element for sodomy as required by § 566.060.3. Furthermore, similar language in verdict directing instructions has been approved by our courts. *State v. Jennings,* 761 S.W.2d 642, 644[2] (Mo.App. 1988) ("the defendant rubbed [M's] penis."); *see also State v. Christeson,* 780 S.W.2d 119, 125 (Mo.App.1989) ("the defendant put her hand on [name of victim] penis.").

Therefore, Instruction No. 5 conforms to MAI–CR3d 320.08.2 because it fully and accurately describes acts constituting deviate sexual intercourse under § 566.010.1(2) and thus sets forth the necessary elements of sodomy under § 566.060.3. We conclude that the trial court did not err in overruling appellant's objection to Instruction No. 5.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.