**STATE of Missouri, Plaintiff–Respondent,**

v.

**McKinley A. LUE, Defendant–Appellant.**

No. 58602.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1991.

Marcie W. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, McKinley Lue, was found guilty by the court of five counts of an eight count indictment each charging him with the class C felony of stealing by deceit, § 570.030 RSMo 1986, in the Circuit Court of Lincoln County, Missouri.[1] Defendant was sentenced as a persistent of-

---

1. Defendant was granted a change of venue     from Audrain County to Lincoln County.

fender to concurrent ten year sentences on all five counts. The defendant's motion for a judgment of acquittal at the close of all the evidence was denied by the trial court. This appeal follows.

■ "In a court-tried criminal case, the findings of the court shall have the force and effect of the verdict of a jury." Rule 27.01(b). Accordingly, appellate review of the case is as though a verdict of guilty was returned by a jury, and if there is substantial evidence to support the findings of the trial court, its judgment is to be affirmed. *State v. Giffin*, 640 S.W.2d 128, 130 (Mo.1982); *State v. Edsall*, 781 S.W.2d 561, 563 (Mo.App.1989)." *State v. Long*, 802 S.W.2d 573, 575 (Mo.App.1991). Since we are asked to assess the sufficiency of the evidence used in convicting the defendant, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the guilty verdict; ignoring evidence and inferences which tend to disprove the defendant's guilt. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987).

On February 20, 1986, the defendant filled out an application in order to receive supplemental aid from the State of Missouri for being a blind person. The defendant was assisted in filling out the application by Marsha Davis, a caseworker for the Audrain County Family Services Bureau. In the application, which was sent to the Missouri Bureau of the Blind, the defendant stated that he resided with his parents at 1007 South Union in Mexico, Missouri. At the time of application, the defendant was advised by Davis that if he changed his address he was required to report this change to the family services office or to the Missouri Bureau of the Blind and that such failure to notify either office would make him ineligible for continued blind aid. At no time thereafter did the defendant ever inform Davis or the Missouri Bureau of the Blind that he had moved from 1007 South Union, Mexico, Missouri. Soon after filing the application, the defendant began receiving monthly checks from the Missouri Bureau of the Blind for $290.

At the time the defendant applied for the blind pension, he had just recently been released from the Missouri State penitentiary and was on parole in Missouri. He was being supervised by Bill Smull of the Columbia Probation and Parole office. The defendant requested and received permission from Smull a few times in the early part of 1986, to travel to Iowa, in order to visit his wife who lived there. The defendant expressed a desire to Smull to move up to Iowa to be with his wife and family and on July 15, 1986, the defendant called Smull and gave him the address of 1116 Gaines in Davenport, Iowa, so Smull could begin the paperwork necessary to effectuate a transfer of the defendant's parole supervision to Iowa. The transfer of parole supervision of the defendant was completed in October of 1986, but the defendant continued to receive his monthly checks from the Missouri Bureau of the Blind through March of 1987. The defendant never reported to the Bureau of the Blind that he had moved from Missouri to Iowa.

The defendant's move was not discovered by the Bureau of the Blind until a caseworker who was performing a routine yearly investigation of the defendant's file in March of 1987, found that the defendant had changed addresses. The Welfare Investigation Unit of the Department of Social Services then conducted an investigation into whether the defendant had been receiving a blind pension after he had moved out of the State of Missouri. This investigation included interviewing the defendant during which he admitted receiving blind pension checks after October 1, 1986, the date on which his parole supervision was accepted by Iowa.

The five counts of stealing by deceit on which the defendant was convicted stem from the five monthly blind pension checks the defendant received from the State of Missouri for November of 1986 through March of 1987.

■ The defendant alleges in his first point on appeal that the trial court erred in

overruling his motion for acquittal at the close of all the evidence and in entering judgment and sentence against him in regard to counts IV, VI and VIII, because the state's evidence on these counts corresponding to the checks dated November 10, 1986, January 9, 1987, and March 10, 1987, did not prove that he endorsed the checks, thereby failing to establish that he committed the crime of stealing by deceit. Defendant contends that the state's witness, August Niles, an expert at analyzing handwriting, testified that the checks that constituted counts IV, VI and VIII were endorsed by penmans who could not be identified. Defendant also alleges that in the alternative the state failed to produce any evidence that the defendant acted in concert with another individual who presumably could have endorsed the checks.

Examining the complete record before us reveals that: August Niles testified that the checks representing counts IV, VI and VIII were "endorsed by penmans that cannot be identified," but Niles did not rule out the possibility that it *might* be the defendant's handwriting; August Niles also positively identified the defendant's handwriting on the back of the two checks dated December 10, 1986, and February 10, 1987; all of the checks in question representing counts IV–VIII (Nov. 1986–March 1987) were sent to the address that the defendant wrote down on his original application for aid to the blind; and finally each of the five checks in question was cashed as evidenced by the endorsement present on the back of each one.

Our function is limited to determining whether there was sufficient evidence from which a reasonable person could have found the defendant guilty as charged and after reviewing the evidence that was before the trial court, we find that the trial court did not err in overruling the defendant's motion for acquittal at the close of all the evidence or in entering judgment and sentences against the defendant in regard to counts IV, VI and VIII. Point denied.

■ Defendant's second point on appeal alleges that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence and in entering judgment and sentence on counts V and VII because the state failed to prove the specific intent required to establish the commission of the offense of stealing by deceit. Defendant contends that the state's evidence revealed only that the Division of Family Services did not receive notice of the defendant's change in address, not the necessary proof of the defendant's specific intent of deceit.

■ "The essential elements of stealing by deceit under the statute [§ 570.030.1 RSMo 1986] are: (1) There must be an *appropriation* (2) *of property* (3) *of another* (4) with the *purpose to deprive* the other thereof (5) accomplished *by means of deceit.*" [emphasis in original] *State v. Davis,* 675 S.W.2d 652, 655 (Mo.App.1984). Deceit is defined in § 570.010(6) RSMo 1986, as "purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind." Because the subjective intent of the defendant at the time of the commission of the crime is rarely open to direct proof, the mens rea of the defendant may be proven by means of circumstantial evidence. *State v. Inscore,* 592 S.W.2d 809, 811 (Mo. 1980).

The defendant applied for aid to the blind and stated in his application that his home address was 1007 South Union in Mexico, Missouri. The caseworker assisting the defendant in filling out the application, explained to him the program's requirement that the Missouri Bureau of the Blind or the Audrain County Family Services Bureau be notified if the defendant changed his address. Defendant was on parole in Missouri at the time he applied for the blind pension but his wife and family lived in Iowa. Within six months of filling out his blind pension application, the defendant requested having his parole supervision

transferred to Iowa. Approximately three months later, in October of 1986, Iowa granted the defendant's request for the transfer of his parole supervision. Defendant never contacted the Missouri Bureau of the Blind or the Audrain County Family Services Bureau to notify either office of his pending request for a transfer of residence to Iowa. Neither agency received notification of the defendant's change of address until a caseworker conducting a routine investigation on the defendant's file in March of 1987, found that the defendant had moved to Iowa. Blind pension checks were sent to the defendant at his Mexico, Missouri address until the defendant's move to Iowa was discovered. Each of these checks was cashed and there was a positive identification of the defendant's handwriting on the December 10, 1986, and February 10, 1987, checks.

After reviewing this evidence, we find that the trial court did not err in overruling the defendant's motion for acquittal at the close of all the evidence or in entering judgment and sentences against the defendant in regard to counts V and VII because the circumstantial evidence that was adduced at trial was sufficient to satisfy the deceit element of the offense of stealing by deceit. Point denied.

■ Defendant's third and final point alleges that: "[t]he trial court erred in entering judgment of guilty and sentencing [defendant] for the felony of stealing by deceit, section 570.030 RSMo 1986, because appellant's offense, if any, was governed by § 209.140, RSMo 1986, which provides that a violation of chapter 209, 'Aid to the Blind Persons', is a misdemeanor, and [defendant] should have only been tried thereunder, in that a special statute prevails over a general statute, and section 209.140 takes [defendant's] alleged offense out of the operation of the general statute pertaining to the offense of stealing by deceit."

Defendant's point is without merit. A prosecutor is clearly acting within his discretion when he analyzes the facts of a particular case and determines whether the facts allow him to prove the essential elements of a particular crime. Here the prosecutor charged the defendant with eight counts of stealing by deceit and produced sufficient evidence at trial to convict the defendant on five of those counts. When exercised in this manner we will not attempt to restrict the prosecutor's discretion in deciding which statutory violation to charge a particular defendant; to decide otherwise would be to unduly restrict a legitimate weapon in the prosecutor's arsenal. Point denied.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.