**STATE of Missouri, Respondent,**

v.

**Bryant E. ROBINSON, Appellant.**

**No. WD 44796.**

Missouri Court of Appeals,
Western District.

July 21, 1992.

David S. Durbin, Appellate Defender, J. Bryan Allee, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

KENNEDY, Judge.

Defendant was convicted upon jury trial of tampering in the first degree, Section 569.080.1(2), RSMo 1986, and was sentenced to five years' imprisonment.

The evidence in the light most favorable to the verdict tended to show that on the morning of December 8, 1989, Officer Louis Perez observed Defendant driving a beige Buick in a reckless manner. Officer Perez followed the Buick to a nearby convenience store. He observed the driver of the car—whom he identified at trial as Defendant—as he left the car and walked into the store.

Officer Perez had radioed in the license number on the Buick "to see if there w[ere] any current wants because [he] noticed the window in the back had been broken out and taped." The dispatcher informed Officer Perez that "it was a stolen auto out of Kansas City, Kansas." Officer Perez was about to exit his patrol car when a passenger in the Buick left the car, opened the door of the store and shouted something to someone inside. The passenger then glanced back at Officer Perez and fled on foot.

Defendant came running out of the store. Officer Perez gave chase, and with the assistance of a second officer, Defendant was eventually apprehended. The second officer, Officer Michael Perne, ordered Defendant to halt, when he refused, Officer Perne wrestled Defendant to the ground. Officer Perne testified that he felt Defendant biting down on his wrist. Appellant was handcuffed and transported back to the convenience store. Officer Perez testified that Defendant did not say anything to him.

Following his arrest, Defendant was questioned by Detective Debbie Lutman. After receiving his *Miranda* rights, Defendant said he wanted to talk, but later became belligerent. Detective Lutman testified that "the only thing he said spontaneously was that 'They didn't see me in the car.'"

Defendant was also interviewed by Detective John Peknik of the Kansas University Police Department. After receiving his *Miranda* rights, Defendant told Detective Peknik that he saw a crack dealer—"Tio"—driving the Buick. Defendant said that just before the Buick had pulled into the convenience store he had asked Tio for a ride home. Tio, said Defendant, had gone into the store while he pumped gas. When he spotted the patrol car, "[b]ecause of his active warrants and the fact that Tio had r[u]n," he also ran.

Royal Hopkins, who lived about one block from the convenience store, testified for the defense. He testified that on the morning of December 8, he walked to the bus stop at 39th and Van Brunt. Defen-

dant, he said, was already at the bus stop drinking a 40–ounce bottle of Colt 45 beer. Mr. Hopkins testified that they sat at the bus stop talking to Defendant "until a ride showed up at the store." He said that Defendant went across the street to see if he could get a ride. According to Hopkins, Defendant talked to the driver of the Buick, went into the store and then came back out and began pumping gas into the Buick. When the police arrived, said Hopkins, both Defendant and his friend—the driver—ran away, with the officer in pursuit.

As his first point Defendant contends that the trial court erred in overruling his objection to the assistant prosecutor's observation in closing argument that "at the time he was apprehended," Defendant "told no story concerning waiting at the bus stop or being with anyone else." He contends such argument was an impermissible reference to his post-arrest silence which violated his constitutional right against self-incrimination. "The State", says Defendant, "explicitly drew for the jury the very inference forbidden by the Fifth Amendment: that if [he] was innocent, he should have spoken to the police."

■ Unquestionably, the state may not use a defendant's silence, at the time of arrest and after receiving *Miranda* warnings, for impeachment purposes. To do so violates the Due Process Clause of the Fourteenth Amendment. *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); *State v. Cummings,* 779 S.W.2d 10, 11–12 (Mo.App.1989). Due process is not violated, however, by impeachment use of a defendant's pre-*Miranda* silence, even though the defendant is under arrest. *Fletcher v. Weir,* 455 U.S. 603, 607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982); *State v. Antwine,* 743 S.W.2d 51, 69 (Mo. banc 1987). Use of pre-*Miranda* warning silence is permissible "for purposes of impeaching [a defendant's] testimony when a neutral expectancy of an exculpatory statement exists as a result of a defendant's testimony and defendant's silence is probative of inconsistencies in that testimony." *Id.*

In *State v. Smith,* 824 S.W.2d 127 (Mo. App.1992), our sister court in the Southern District extended the rationale of *Antwine* to hold that it is permissible to use a defendant's post-arrest, pre-*Miranda* silence to impeach the testimony of a witness for the defense. The court stated: "[Defendant], through the testimony of [the witness], offered the exculpatory explanation that he had nothing to do with the crime. The nature of this explanation presented by the defendant raises the reasonable expectation that he would naturally have given this explanation earlier if it were true." *Id.* at 131.

■ The prosecutor's comment in argument—that the defendant had not at or after his arrest given to the police the explanation for his being in the stolen car which he had given (through Mr. Hopkins' testimony) on the trial, namely, that he had innocently gotten a ride with an acquaintance who was driving the car—if it was erroneous, could not have been prejudicial to defendant. The evidence showed defendant had not, immediately after his arrest, given the arresting officers the explanation he later offered at the trial. If his version of events was correct, he did not know at that time why he was being arrested. It was open to defense counsel to argue to the jury that if defendant, when he was arrested, had only innocently accepted a ride in the Buick, there was therefore no reason for him to explain. He could not be expected to volunteer an explanation why he was in the car. In that case, his silence at the time of his arrest would have no tendency to disprove his later explanation. If, on the other hand, he knew why he was being arrested, as the state contended, then the fact he had not offered his exculpatory explanation at the time of his arrest supported the state's theory that the explanation offered at trial was a recent invention. When he was questioned later, after he was in custody, and after he had been given his *Miranda* rights, he gave the explanation which was in evidence in the form of his statement to the police, and also in witness Hopkins' testimony. All this the jury had before it. The jury knew

how to evaluate defendant's failure, at first, to make his defense to the police immediately after his arrest, and how to evaluate his exculpatory explanation made when he was questioned. The prosecutor's comment could not have confused the jury, and could not have affected the outcome of the trial in any way.

■ In his second point, Defendant contends that the trial court committed reversible error in admitting the testimony of Officer Michael Perne concerning his alleged assault against the officer. Such testimony, says Defendant, was essentially evidence of an uncharged crime separate from the charged offense, and its probative value, if any, was clearly outweighed by its prejudicial effect.

Evidence of Defendant's flight and his actions in resisting arrest are clearly admissible to show his consciousness of guilt. *State v. Thompson,* 723 S.W.2d 76, 85–86 (Mo.App.1987). Furthermore, although our state follows the general rule prohibiting the admission of evidence of other uncharged crimes, "[e]qually well recognized ... is the parallel exception which permits proof of another crime, if the other crime is so linked together in point of time and circumstances with a crime charged that one cannot fully be shown without proving the other." *State v. Brooks,* 810 S.W.2d 627, 630 n. 1 (Mo.App.1991).

The trial court did not err in overruling Defendant's objections to testimony from Officer Perne. Defendant's second point is denied.

■ Appellant says the trial court should have granted his motion for a mistrial when the state violated the court's in limine order not to mention defendant's "prior record." The state, as part of its case, played a recording of a statement by defendant in which he said: "Man, I was younger, man, in my teen-age days, I used to mess with stolen cars. I grew out of that stuff." Defendant's counsel then moved for a mistrial on account of the state's violation of the in limine order.

We pass by the question whether the quoted statement was a reference to defendant's "prior record." We pass by also the question whether enough of the statement was audible to the jury to be prejudicial to defendant.

Defendant's counsel acknowledged to the trial court he knew the offending statement was on the tape. He was obliged to call the court's attention thereto and to renew his motion for the exclusion of the statement. He knew the error was coming which he now complains of. It was in his power to interdict it and prevent the error. Having failed to do so, he cannot then convict the trial court of error in denying his motion for a mistrial. He waived the alleged error.

We do not wish to be understood as endorsing the state's disregard of the trial court's in limine order. If the breach of the trial court's order had been more clear-cut, or if it had been more clearly prejudicial to defendant, we would not hesitate to reverse the conviction.

Defendant's point is denied.

As his final point, Defendant suggests that the "cumulative effect" of the errors alleged in his first three points justifies reversal. Since we find that the three substantive issues raised by Defendant involve no error by the trial court, Defendant's final point must fail. *State v. Lay,* 427 S.W.2d 394, 403–04 (Mo.1968); *State v. Turner–Bey,* 812 S.W.2d 799, 809 (Mo.App. 1991).

The judgment of conviction is affirmed.

All concur.