**STATE of Missouri, Plaintiff–Respondent,**

v.

**William S. ONDO, Defendant–Appellant.**

**No. 27977.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 6, 2007.

Irene Karns, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Joshua N. Corman, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Chief Judge.

William S. Ondo ("Defendant") was found guilty following a jury trial of committing the class C felony of second-degree domestic assault, in violation of section 565.073.[1] The court sentenced him to serve three years in the Department of Corrections. Defendant appeals, contending the trial court erred in failing to *sua sponte* declare a mistrial when the arresting officer testified about Defendant's belligerent and resistant behavior as he was confronted by police. Defendant also contends the trial court abused its discretion in refusing to instruct the jury on third-degree domestic assault instead of second-degree domestic assault, pursuant to the rule of lenity. *See* sections 565.074 and 565.073. Because we find that the arresting officer's testimony was admissible, and that the rule of lenity does not apply in this case, we affirm.

### (1) Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his conviction. Viewing the evidence in the light most favorable to the trial court's judgment, *State v. Stanley*, 124 S.W.3d 70, 72 (Mo.App.2004), the following facts were adduced at trial:

Defendant had been married to Cynthia Ondo for fifteen years. They lived together in a mobile home in Joplin with Cynthia's twenty-one-year-old son, Christopher. One night while Cynthia was sleeping, she was suddenly awakened by Defendant grabbing her around the throat and choking her, yelling that someone had eaten his last "swiss cake roll" and asking her if she wanted to die. Defendant yelled that he was "going to rip her fucking lips off" and was going to "kick [Christopher's] ass."

Defendant's yelling awoke Christopher. When he heard Defendant yelling that he wanted to "kick [his] ass," Christopher grabbed his jacket and cell phone, jumped out his bedroom window and went to the next-door neighbor's house.

Cynthia struggled to get away from Defendant, and when she was free she told him she would gladly go to town and get him some more swiss cake rolls. Defen-

---

1. All references to statutes are to RSMo 2000, unless otherwise noted.

dant yelled that he wanted her and her "fucking cunt son to get out." Cynthia left and went to the next-door neighbor's house, arriving about ten minutes after Christopher. Christopher saw that Cynthia had marks around her neck and he called 9–1–1.

Seth Hembree, deputy sheriff at the Newton County Sheriff's Department, was dispatched to the scene following the 9–1–1 call. He first spoke with Cynthia at the next-door neighbor's home. She was shaking and crying, and told Officer Hembree that she had gotten into a fight with her husband, that "she'd been grabbed by the throat" and that "he was choking her". Officer Hembree went to the Ondos' house and knocked on the door. Defendant "asked who it was" and Officer Hembree responded "the sheriff's department." Defendant said he did not want to talk to him. Officer Hembree advised him that he needed to open the door and talk to him, but Defendant refused to open the door several times. Defendant said it was his house and Officer Hembree could "fuck off." At that point Officer Hembree requested his supervisor to respond, and as he was responding Defendant opened the door and told Officer Hembree he could come inside. After interviewing Defendant for about twenty minutes, Officer Hembree arrested him.

While he was being booked into the jail, Defendant stated that he and his wife "had gotten into an argument over the swiss cake roll, that she had slapped him across the face, at which time he grabbed her around the throat and threw her out of the house." Defendant was charged with committing the class C felony of second-degree domestic assault, in violation of section 565.073. The amended information, upon which Defendant was tried, stated that "on or about January 9, 2006, ... the defendant knowingly attempted to cause physical injury to Cynthia Ondo by grabbing her by the throat, and Cynthia Ondo and the defendant were family or household members in that Cynthia Ondo was the spouse of the defendant."

At trial, Cynthia, Christopher and Officer Hembree testified on behalf of the State. Defendant did not testify. Following the jury instruction conference, defense counsel objected to the instruction on second-degree domestic assault and asked the court to instead submit an instruction on third-degree domestic assault in accordance with the rule of lenity. *See* sections 565.073 and 565.074. The court denied defense counsel's request. The jury found Defendant guilty of second-degree domestic assault. Section 565.073. The court sentenced Defendant to serve three years in the Department of Corrections. This appeal followed.

## (2) Point I: The Trial Court Failed to Sua Sponte Delare a Mistrial

■ In Defendant's first point, he contends the trial court erred in failing to *sua sponte* declare a mistrial when Officer Hembree testified that Defendant cursed and refused to let him in when he knocked on the door. Defendant asserts "the testimony was inadmissible in that it constituted evidence of other bad acts that did not have a legitimate tendency to prove or disprove any fact in issue." Defendant concedes that this claim was not preserved for review because defense counsel did not object at the appropriate time or request a mistrial or other relief.[2] Therefore, our

---

2. We note that Defendant's appellate counsel is not the same attorney who represented him at trial.

review, if any, is for plain error. Rule 30.20.[3]

■ Rule 30.20 provides that claims of error affecting substantial rights, even if not preserved for review, may be considered by this court "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The decision to grant plain error review lies within the reviewing court's discretion. *State v. Tabor,* 193 S.W.3d 873, 878 (Mo.App.2006). Plain error review involves a two-step analysis. *State v. Golden,* 221 S.W.3d 444, 447 (Mo.App.2007). First, we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Id.* "Plain errors are evident, obvious, and clear, and we determine whether such errors exist based on the facts and circumstances of each case." *State v. Johnson,* 182 S.W.3d 667, 670 (Mo. App.2005). Absent a finding of facial error, this court should decline its discretion to review the claim pursuant to Rule 30.20. *Golden,* 221 S.W.3d at 447. "If plain error is found, we proceed to the second step to consider whether the error actually resulted in manifest injustice or a miscarriage of justice." *State v. Stallings,* 158 S.W.3d 310, 315–16 (Mo.App.2005).

Defendant argues that evidence of his "belligerence and resistance when confronted by the police encouraged the jury to find him guilty of attempting to injure his wife because he acted guilty when the deputies arrived, and resulted in manifest injustice." He contends the following testimony by Officer Hembree was prejudicial and should have prompted the court to *sua sponte* declare a mistrial:

Q: What did you do when [Defendant] said he didn't want to talk to you?

A: I advised him that he needed to talk to me. Open the door—several times he told me he wasn't going to open the door. He told me it was his house and that I could, quote "fuck off." At that point I requested that Deputy Hall, which is our supervisor, respond. As he was responding, we knocked on the door again, at which time the door came open and [Defendant] told me I could come in.

Defendant asserts that evidence of his resistant behavior is irrelevant and inadmissible because it was not probative of his intent to assault his wife; instead it only showed "his desire to avoid the deputy" and revealed that he was "a generally disagreeable person." He argues that such evidence of "other bad acts committed by a defendant" is prejudicial because the jury is predisposed to use his bad character as the basis for inferring guilt.

■ Defendant's contention is based on the general rule that uncharged misconduct is inadmissible to show a defendant's propensity to commit the crime charged. *State v. Taylor,* 166 S.W.3d 599, 605 (Mo. App.2005). There are, however, exceptions to this rule. *State v. Shoults,* 147 S.W.3d 163, 166 (Mo.App.2004). Evidence of uncharged crimes or misconduct that are part of the circumstances surrounding the charged offense is admissible to present a complete and coherent picture of the events that transpired. *Id.; Taylor,* 166 S.W.3d at 606. Additionally, evidence of the circumstances surrounding a defendant's arrest, including attempts to resist or avoid arrest, is admissible and may be considered by the jury on the issue of the defendant's guilt. *State v. Blewett,* 853 S.W.2d 455, 461 (Mo.App.1993); *State v. Robinson,* 834 S.W.2d 246, 249 (Mo.App. 1992); *State v. Wallace,* 644 S.W.2d 382, 384 (Mo.App.1982); *State v. Franklin,* 591

---

**3.** All references to rules are to Missouri Court Rules (2006).

S.W.2d 12, 15 (Mo.App.1979); *State v. Armbruster,* 541 S.W.2d 357, 362 n. 4 (Mo.App.1976); *State v. Davis,* 530 S.W.2d 709, 713 (Mo.App.1975); *State v. Harris,* 325 S.W.2d 352, 358 (Mo.App.1959).

Officer Hembree's testimony about his attempt to interview Defendant and Defendant's resistant behavior was a description of the circumstances surrounding Defendant's arrest and the events leading up to the second-degree domestic assault charge. Defendant's behavior shows, in Defendant's own words, "his desire to avoid the deputy." That evidence is relevant to the issue of avoiding arrest, which is an attending circumstance that may be considered by the jury. *See Franklin,* 591 S.W.2d at 15. Additionally, Officer Hembree's testimony helped present to the jury a complete and coherent picture of the events that transpired. *Shoults,* 147 S.W.3d at 166. "The state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude the testimony tending to prove the crime for which a defendant is not on trial." *Id.*

■ The trial court has broad discretion in determining whether to admit or exclude evidence and in evaluating whether the prejudicial effect of evidence outweighs its probative value. *Taylor,* 166 S.W.3d at 606. Here, the evidence was admissible to provide a clear and coherent picture of the circumstances surrounding Defendant's arrest and the events leading up to the charge of second-degree domestic assault. "A mistrial is a drastic remedy which a trial court should grant *sua sponte* only in exceptional circumstances." *State v. Hardy,* 197 S.W.3d 250, 253 (Mo.App.2006). The trial court did not err in allowing Officer Hembree's testimony and in failing to *sua sponte* declare a mistrial. On its face, Defendant's claim of error does not establish substantial grounds for believing

that manifest injustice or miscarriage of justice has resulted. Therefore, we decline to exercise our discretion to review for plain error under Rule 30.20. *Golden,* 221 S.W.3d at 447. Point I is denied.

### (3) Point II: Trial Court Refused to Instruct on Third–Degree Domestic Assault Instead of Second–Degree Domestic Assault, Pursuant to Rule of Lenity

■ In Defendant's second point, he contends the trial court abused its discretion in refusing to instruct on third-degree domestic assault instead of second-degree domestic assault in accordance with the rule of lenity. See sections 565.074 and 565.073. Defendant asserts that because the elements of the offense under each statute are "virtually identical", the statutes are ambiguous and the rule of lenity requires that the jury be instructed only on the lesser offense of third-degree domestic assault. Section 565.074.

■ The trial court has discretion in deciding whether to submit a tendered jury instruction. *State v. Davis,* 203 S.W.3d 796, 798 (Mo.App.2006). Our review is limited to whether the trial court abused its discretion in submitting or refusing to submit the instruction. *State v. Hartman,* 224 S.W.3d 642, 648 (Mo.App. 2007); *State v. Orton,* 178 S.W.3d 589, 591 (Mo.App.2005).

The amended information charged Defendant with committing second-degree domestic assault in violation of section 565.073 because he "knowingly attempted to cause physical injury to Cynthia Ondo by *grabbing her by the throat,* and Cynthia Ondo and the defendant were family or household members in that Cynthia Ondo was the spouse of the defendant." (emphasis added). Section 565.073 states, in part:

1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and he or she:

(1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or *by choking* or strangulation . . . . (emphasis added).

Defendant argues that the charged offense of "grabbing by the throat" also falls under the purview of section 565.074, which states, in part:

1. A person commits the crime of domestic assault in the third degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and:

(1) The person attempts to cause or recklessly causes physical injury to such family or household member . . . .

Defendant argues that because these two statutes proscribe the same conduct, an attempt to cause physical injury, the statutes are ambiguous and the rule of lenity requires the jury to be instructed on the lesser offense of third-degree domestic assault, a class A misdemeanor, instead of second-degree domestic assault, a class C felony. We agree that sections 565.073 and 565.074 both proscribe the same conduct—an attempt to cause physical injury. However, we do not find any ambiguity requiring an application of the rule of lenity.

"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *State v. Graham*, 204 S.W.3d 655, 656 (Mo. banc 2006). "The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation." *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). *Accord State v. Beine*, 162 S.W.3d 483, 490 (Mo. banc 2005). "Any doubt as to whether the act charged and proved is embraced within the prohibition must be resolved in favor of the accused." *Fainter v. State*, 174 S.W.3d 718, 721 (Mo.App.2005). "The rule of lenity applies to interpretation of statutes only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what the legislature intended." *Id.*

Section 565.073 proscribes an attempt to cause physical injury "by choking," and Defendant was charged with attempting to cause physical injury to his wife by "grabbing her by the throat." *See* section 565.073. Choking is defined as "producing the feeling of strangulation." Merriam-Webster's Collegiate Dictionary 218 (11th ed.2005). Grabbing a person by the throat no doubt produces the feeling of strangulation. The rule of lenity does not apply because the words of the statute are clear and no ambiguity needs to be resolved. *See Rowe*, 63 S.W.3d at 650 (words of statute prohibiting driving on the highway while license revoked "under the laws of this state" not ambiguous and clearly does not apply to defendant); *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992) (language in prior offender statute requiring proof of two prior offenses is clear and defendant's two prior offenses were proven by the state).

■■■ The fact that another statute proscribes the same conduct does not create an ambiguity. "It is axiomatic that a single offense may constitute an offense under two different statutes." *State v. Kaiser*, 139 S.W.3d 545, 552 (Mo.App.2004) (citing *State v. Koen*, 468 S.W.2d 625, 629 (Mo.1971)). When that occurs, the prosecutor has the discretion to decide under which statute to charge the defendant. *State v. Hendricks*, 944 S.W.2d 208, 211 (Mo. banc 1997); *State v. Watts*, 601 S.W.2d 617, 620 (Mo.1980) (quoting *United States v. Batchelder*, 442 U.S. 114, 123–25, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)); *Kaiser*, 139 S.W.3d at 552; *State v. Gooden*, 962 S.W.2d 443, 446 (Mo.App.1998). The fact that two statutes which proscribe substantially the same conduct carry a different category of crime and punishment does not eliminate the prosecutor's discretion to charge the defendant under the statute with harsher punishment. *State v. Grady*, 691 S.W.2d 301, 303 (Mo.App.1985). *See also Watts*, 601 S.W.2d at 620–21; *Gooden*, 962 S.W.2d at 446; *State v. Lue*, 813 S.W.2d 922, 926 (Mo.App.1991); *State v. Hudson*, 793 S.W.2d 872, 880 (Mo.App. 1990); *State v. Jennings*, 761 S.W.2d 642, 645 (Mo.App.1988).

In this case, the fact that sections 565.073 and 565.074 proscribe the same conduct but 565.073 is classified as a felony and 565.074 is classified as a misdemeanor does not make them inconsistent or ambiguous, as Defendant argues. Both statutes were enacted by the legislature in the same year in the same bill. L.2000 H.B. 1677, et al. The legislative intent to differentiate between the two statutes may be drawn from the additional language in Section 565.073. That intent is that when an attempt to cause physical injury occurs "by choking" that conduct may be punished as a felony. Thus, because the statutes proscribe the same conduct—an attempt to cause physical injury—but one allows for an enhanced punishment if that conduct occurred by choking, then, in the context of this case, the statutes are not inconsistent or ambiguous. The prosecutor had the discretion to choose under which statute to charge Defendant. *See Grady*, 691 S.W.2d at 303. *See also Gooden*, 962 S.W.2d at 446. The trial court instructed the jury on the crime charged, second-degree domestic assault under section 565.073. In light of the state's prosecutorial discretion, the trial court did not abuse its discretion in refusing to instruct the jury on third-degree domestic assault, section 565.074, instead of the charged crime of second-degree domestic assault, section 565.073. *Jennings*, 761 S.W.2d at 642.

Defendant urges us to reconsider our decision in *State v. Blackburn*, 168 S.W.3d 571 (Mo.App.2005), in light of the Supreme Court's decision in *State v. Whalen*, 49 S.W.3d 181 (Mo. banc 2001). In *Blackburn*, we applied the rule of lenity to sections 565.073 and 565.074, and decided that although the two statutes proscribe the same conduct with differing levels of punishment, the two statutes are not ambiguous because each requires a different culpable mental state. 168 S.W.3d at 576. We found that an attempt to cause physical injury under section 565.073 requires a mental state of "knowingly," while attempt to cause physical injury under section 565.074 requires a mental state of "recklessly." *Id.* In *Whalen*, the Supreme Court held that an attempt crime *always* requires proof of a "purposeful" mental state on the part of the defendant. 49 S.W.3d at 186. Defendant asserts that "[b]ecause a person cannot recklessly attempt to perform an act, there is no distinction between the mental states" in sections 565.073 and 565.074 and they both proscribe the same conduct, so "the rule of lenity requires that the defendant be subjected to the lesser punishment."

This case is distinguishable from *Blackburn*, because of the nature of the crime with which Defendant was charged. In *Blackburn*, the defendant was charged with committing the class C felony of domestic assault in the second degree[4] because he "attempted to cause physical injury to Carrie L. Elson *by setting fire to a residence* occupied by Carrie L. Elson, and Carrie L. Elson and defendant were family or household members in that Carrie L. Elson and defendant were adults who had resided together in the past and have a child in common." (emphasis added). 168 S.W.3d at 574. On the other hand, Defendant in the case at bar was charged with attempting to cause physical injury to his wife because he *grabbed her by the throat.* While section 565.073 does not contain any specific provision for "setting fire to a residence," it does specify that attempt to cause physical injury "by choking" constitutes second-degree domestic assault. Section 565.073.1(1). Section 565.074 does not enumerate any specific ways of committing domestic assault in the third degree. The relevant provision states that third-degree domestic assault is committed when "[t]he person attempts to cause or recklessly causes physical injury to such family or household member." Therefore, the two statutes are distinguishable in the context of the instant case because Defendant's conduct falls specifically under the "choking" provision in section 565.073. In *Blackburn*, the defendant's conduct was not specifically enumerated in either statute, which prompted the court to analyze and distinguish the two statutes based upon the required mental states. In this case, however, the two statutes are distinguishable because Defendant's conduct is specifically enumerated under section 565.073. Accordingly, we decline to reconsider our decision in *Blackburn* under the facts of this case.

Because there is no ambiguity between Sections 565.073 and 565.074 in this case requiring an application of the rule of lenity, the trial court did not abuse its discretion in refusing to instruct the jury on third-degree domestic assault instead of second-degree domestic assault. Sections 565.073 and 565.074. Point II is denied.

### (4) Decision

The trial court's judgment of conviction is affirmed.

BARNEY, J., and RAHMEYER, J., concur.

4. The felony classification indicates the charge was under section 565.073.