**STATE of Missouri, Respondent,**

v.

**Freddie McMAHAN, Appellant.**

**Freddie McMAHAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 58289, 59970.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1991.

Kathleen G. Green, St. Louis, Melinda Kay Pendergraph, Columbia, movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Freddie McMahan, was convicted, after a jury trial, of assault in the first degree, a class B felony and armed criminal action. He was sentenced to consecutive terms of imprisonment of five years and five years respectively. Defendant also appeals the denial of his Rule 29.15 motion. We affirm defendant's convictions on direct appeal. We dismiss the appeal of defendant from the denial of his Rule 29.15 motion.

Defendant first challenges the sufficiency of the evidence to support his conviction for assault in the first degree. In testing the sufficiency of the evidence, we consider the evidence and the reasonable inferences therefrom in the light most favorable to the State, disregarding all adverse inferences and evidence. *State v. Branscomb,* 638 S.W.2d 306, 307 (Mo.App. 1982).

On May 3, 1989, defendant argued with the victim over a late rent payment in front of the victim's building. Following the argument, defendant got a shotgun and walked toward the victim's building. When he reached the middle of the street, he began to shoot at the victim. The victim, who was on the front porch of his building holding his son, handed his son to his brother inside the building and took cover.

Defendant fired one or two more shots as he continued to walk across the street toward the victim's building. Defendant then stopped to reload the shotgun. At that time, the victim ran upstairs and into his second floor apartment.

By the time defendant reached the victim's porch, the victim was inside. Defendant then walked back out into the street which provided a better angle from which to shoot at the second floor. At the same time, the victim went out on the second floor balcony in order to pull his niece out of the line of fire. The defendant shot at and struck the victim as he attempted to reenter his apartment. The child was uninjured.

The pellets from defendant's shotgun hit the victim in the face, neck, shoulder, chest and arm. The victim spent two days recovering in the hospital during which time doctors were able to remove some, but not all, of the pellets.

■ Defendant was convicted of assault in the first degree, a class B felony. Section 565.050, RSMo (1986) defines assault in the first degree as follows:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

The shotgun in question is a deadly weapon. Its purpose is to kill. There was direct evidence in the record that defendant used that deadly weapon, in a manner for which it was intended, by firing it at the victim and wounding him. That evidence standing alone is sufficient to make, at the very least, a submissible case of the class B felony of assault in the first degree. The actual wounding of the victim is not a necessary element of the class B felony, however, it is strong evidence of an attempt to kill or do great bodily harm. Defendant's point is denied.[1]

■ Defendant next contends that the trial court erred in failing to submit instructions on the lesser included offenses of assault in the second degree and assault

in the third degree. Defendant claims that the State did not show defendant intended to kill or seriously injure the victim; rather, defendant argues that he only meant to scare the victim. We disagree.

■ The trial court is not required to instruct the jury with respect to a lesser included offense unless there is a basis for acquitting the defendant of the offense charged and convicting him of the lesser included offense. *State v. McBurnett*, 694 S.W.2d 769, 772 (Mo.App.1985). Here, as discussed in the preceding point, evidence that defendant pointed and shot a shotgun at the victim was enough to establish a submissible case of assault in the first degree. Defendant was either guilty or not guilty of that crime; there was no basis in the record to convict him of a lesser offense. Defendant's point is denied.

■ Defendant's third point is that the trial court erred in sustaining the State's challenge of a venireperson for cause. Specifically, defendant argues that the State violated Missouri law by using the venireperson's arrest record to show that during voir dire, the venireperson was incorrect when he said he had never been arrested. Defendant argues that the venireperson was thereby unlawfully denied his right to participate in jury service and that he, as a third party, can assert that venireperson's right. In addition, defendant argues that he was injured by the State's unlawful use of the arrest record because it gave the State an unfair advantage in jury selection.

Section 610.100, RSMo (1986) provides:

**610.100. Arrest records, closed, when.**—If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.

Section 610.120, RSMo (1986) provides the following exceptions:

---

1. Because defendant was convicted of a class B felony, we do not address the issue of whether the evidence was also sufficient to submit the class A felony to the jury.

 

**610.120. Records to be confidential—accessible to whom, purposes.—** Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order....

Defendant's standing to assert the right of a venireperson to deny the State access to his arrest record is doubtful. *State v. McMillin,* 783 S.W.2d 82, 101 (Mo. banc 1990). Moreover, any prejudice to defendant by a violation of the statute is speculative. The salient point, however, is that there was no violation of the statute.

If, in fact, the venireperson's arrest record was a closed record, the statute expressly provides for its availability to the courts and law enforcement agencies for use in prosecution. Nothing in the statute limits the use of these records to the prosecution of the arrested person. Therefore, State is permitted to access the arrest records of venirepersons who may sit as jurors in a criminal prosecution. Defendant's point is denied.

■ Defendant next contends that the trial court erred in failing to require the State to produce nondiscriminatory reasons for use of its preemptory strikes as required in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant's *Batson* challenge is untimely because he failed to make his challenge immediately following the State's preemptory strikes and before he made his own preemptory strikes. *State v. English,* 795 S.W.2d 610, 612 (Mo.App.1990). Therefore, the challenge is waived. *Id.* Defendant's point is denied.

The convictions of defendant for assault in the first degree and armed criminal action are affirmed. Defendant did not brief any allegations of error regarding the appeal from the denial of his Rule 29.15 motion. Defendant's appeal of that judgment is dismissed. Rule 84.13(a).

GRIMM, P.J., and SIMON, J., concur.