**STATE of Missouri, Respondent,**

v.

**David KALTER, Appellant.**

**David KALTER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 58841, 61066.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 1, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Craig A. Johnston, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant was indicted on charges of murder in the first degree, armed criminal action, forcible rape, and two counts of forcible sodomy. The murder charge was severed from the other counts and jury tried. Defendant appeals from his conviction for the lesser offense of murder in the second degree and sentence of life imprisonment. Defendant also appeals from the denial of his Rule 29.15 motion for postconviction relief.

Defendant does not challenge the sufficiency of the evidence. A brief review of the facts discloses that defendant argued with his female paramour. When her mother intervened, defendant killed the mother with a knife. There was also substantial evidence adduced that defendant then forcibly raped and sodomized the paramour. After the police arrived at the crime scene, defendant's uncle informed an officer that defendant told him that he thought he stabbed someone. When the officer asked defendant what happened, defendant answered that he thought he had stabbed someone and that the person was in the basement.

At trial, the paramour testified, *inter alia*, to the details of the killing. The murder weapon, a knife with defendant's name on it, was introduced into evidence. Additionally, defendant's tape recorded confession was received into evidence. Defendant did not testify but presented evidence that he was confused and that he had "blacked out" during the murder. Clearly, there was substantial evidence adduced to support defendant's conviction.

Defendant first claims that the trial court erred in overruling defendant's request for a mistrial after the prosecutor commented on defendant's failure to testify. In her closing argument, defendant's counsel stated that defendant could not tell the jury what happened the night of the murder. The prosecutor objected to that statement, arguing that defendant was taking unfair advantage of his decision not to testify. After a bench conference, the trial court allowed the statement so long as it was explained to the jury that defendant

could not tell what happened because he could not remember. The following proceedings then took place:

MS. MURPHY: Okay.

Ladies and gentlemen of the jury, David doesn't remember what happened. Now, you heard that testimony yourself, in spite of whatever the State may think. You heard a tape recording of his voice saying that, so you know that he cannot tell you what happened because he doesn't remember.

And that brings us to my next point, which is David's testimony that I want you to think about.

MR. GARRISON: Your Honor, I object. David didn't give any testimony and I ask that the jury be instructed to disregard.

THE COURT: The jury will be bound by the evidence it has seen and heard in this courtroom.

You may proceed.

MS. MURPHY: There are things that the State doesn't want you to think about, but I'm going to ask you to consider those things. And one of those things is the statement that David made to the police. And you have a rare opportunity because you can hear exactly what he sounded like at the time that this offense was committed, or within hours afterwards. And you heard his voice, and you have to be the ones to decide the genuineness in his voice, the confusion that you heard, the attempt, the groping, the attempt to try to piece together what had happened that night. You folks heard that.

He could have made up a story. He could have refused to say anything at all. He could have said Janice did it. He could have fled before the police got there. He didn't do any of those things. And I want you to keep that in mind when you consider the evidence in this case.

You heard his statement on the tape. He's quibbling with the word "testimony" because that means under oath. No, he was not under oath. Just like Janice was not under oath.

MR. GARRISON: Your Honor, I quibble with the word "testimony" because he didn't testify.

MS. MURPHY: Your Honor, could I ask him to please—Your Honor, may I approach the bench?

THE COURT: The jury will be bound by the evidence it has seen and heard.

[The following proceedings took place at the bench out of the hearing of the jury:]

MS. MURPHY: Your Honor, I'm going to ask for a mistrial at this time. That's an improper comment on his failure to testify.

THE COURT: It will be overruled.

A defendant in a criminal case has the right not to testify at trial. U.S. Const. Amend. V; Mo. Const. Art. I, § 19; Section 546.270 RSMo, (1986); Rule 27.05. Generally, a prosecutor is forbidden from referring either directly or indirectly to a defendant's failure to testify. *State v. Hill*, 678 S.W.2d 848, 850 (Mo.App.1984).

Defendant's request for a mistrial came after the prosecutor's *second* reference to the fact that defendant did not testify. That reference could not be considered prejudicial because the prosecutor had earlier made the same point without objection. Furthermore, it was defendant's counsel who initially referred to defendant's "testimony", not the prosecutor. The prosecutor simply objected to the statement, replying that defendant never testified. A defendant may not provoke a reply to his own argument and then assert error. *State v. Bockes*, 676 S.W.2d 272, 276 (Mo.App.1984). Given defendant's closing argument, the trial court did not abuse its discretion in denying his request for a mistrial. Defendant's first point is denied.

Defendant next argues that the trial court erred in overruling his motion to prohibit the prosecutor from accessing the arrest records of venirepersons. Defendant contends that use of data from arrest records in questioning venirepersons is improper and in violation of § 610.100, RSMo (1986) and § 610.120, RSMo (Supp.1991) because arrest records are closed. Defen-

dant's contention is without merit. Section 610.120 expressly provides that the arrest records of venirepersons are available to the courts and law enforcement agencies for use in prosecution. *State v. Whitfield,* 837 S.W.2d 503, 509 (Mo. banc 1992); *State v. McMahan,* 821 S.W.2d 110, 113 (Mo.App. 1991). "Therefore, State is permitted to access the arrest records of venirepersons who may sit as jurors in a criminal prosecution." *McMahan,* 821 S.W.2d at 113. Defendant's second point is denied.

 Defendant next claims that the trial court erred in permitting the police officer to testify, over objection, that defendant told him at the scene of the crime that he thought he had stabbed someone and that the person was in the basement. Defendant argues that the statement was a product of custodial interrogation, without proper warning under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1968), and was therefore inadmissible.

 Defendant made the statement to the police officer shortly after the officer arrived at defendant's home. Defendant was not in custody at the time he answered the officer's question and therefore he did not need to be given the Miranda warning. "Even assuming the person is a suspect, if he is not under arrest or otherwise restrained of his liberty, no custodial interrogation exists." *State v. Mouser,* 714 S.W.2d 851, 855 (Mo.App.1986).

 Moreover, there was no prejudice to defendant. Several times during trial, statements, essentially the same as that to which defendant objects, came into evidence unchallenged. Defendant's paramour testified, without objection, that defendant called his brother, his uncle and his mother and told them he thought he killed someone. Defendant's uncle also testified, in defendant's case, that defendant told him he thought he killed someone. In addition, defendant's taped confession, which said essentially the same thing as his statement to the police officer, came into evidence and is not challenged on appeal. Defendant's third point is denied.

Defendant's final claim on direct appeal is that the trial court erred in not allowing defendant to adduce evidence in support of his motions challenging the jury selection process. We have reviewed defendant's final claim and find that no jurisprudential purpose would be served by a written opinion on that point. Defendant's point is denied. Rule 30.25(b).

Finally, defendant claims the trial court erred in denying his Rule 29.15 motion which claimed ineffective assistance of counsel. The judgment of the trial court is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion would have no precedential value. Defendant's point is denied. Rule 84.16(b).

Defendant's conviction is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

PUDLOWSKI and GRIMM, JJ., concur.