STATE of Missouri, Plaintiff–
Respondent,

v.

Roland ROPER, Defendant–Appellant.

Roland ROPER, Movant,

v.

STATE of Missouri, Respondent.

Nos. 57805, 59750.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 28, 1993.

Kristine A. Grady, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

On January 14, 1992, this court handed down its initial opinion in the instant case. On May 21, 1992, the Supreme Court granted transfer. After review the court re-transferred the case to us for reconsideration "in light of the waiver issue as discussed in *State of Missouri v. Vornell Parker*, 836 S.W.2d 930 (1992)."

Defendant does not challenge the sufficiency of the evidence. It is sufficient to say that a jury could reasonably find that defendant, at the time and place in the information, robbed and stole property from the victims.

The first point of error contests the trial court's denial of defendant's *Batson* motion. Before we address that issue, we must determine if the motion was timely. The transcript reveals that both the state and defendant had made their peremptory strikes. The trial court thereafter ordered the sheriff to seat the prospective jurors. After they were seated, the court asked the attorneys if those seated were the jury. The state's attorney said "yes" and the defendant's attorney responded, "Subject to the record which I wish to make later, Judge, it is." The court then discharged the venire not selected. After the judge discharged the venire, he addressed the jury panel and advised them the court would swear them in the next day. After the jury panel departed, the court took up the motions to suppress. After a lengthy hearing, the court recessed until the next morning. At that time, defendant's attorney asked the judge to consider the *Batson* challenge.

■ We held in *State v. McMahan*, 821 S.W.2d 110, 113 (Mo.App.1991), that a defendant's challenge is untimely if he failed to make his challenges immediately following the state's peremptory strikes and before he made his own peremptory strikes. In *Parker* however, the Supreme Court held that a *Batson* challenge is timely made when the defendant raises it at any-

time prior to the venire being excused. *Id.* It is the release of the unselected members of the venire and the problems and difficulties created thereby which truly govern the timeliness of a *Batson* motion. *Id.* *Parker* reiterates the principle espoused in *Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), which recognized that the *Batson* challenges were meant to protect not only the defendant's equal protection rights but also the equal protection rights of the wrongfully excluded venirepersons.

 We find that appellant's reply to the judge's inquiries about the adequacy of the jury was nonspecific and did not alert the trial judge to the existence of a *Batson* challenge before the venire was excused. Any *Batson* challenge to the jury panel was untimely after the judge discharged the venire. Under the criteria of *McMahan* or *Parker* defendant waived his *Batson* challenge, and we find the trial court did not err. Defendant's first point is denied.

Defendant's next point alleges the trial court erred in submitting Instruction No. 4 to the jury because it improperly defined reasonable doubt so as to reduce the state's burden of proof. Defendant contends this violated his right to due process of law and to a fair trial as guaranteed by the constitutions of the United States and Missouri. In support of his contention, defendant cites the recent Supreme Court decision in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Instruction No. 4 defines reasonable doubt as "firmly convinced of the defendant's guilt" and contains the exact language found in MAI–CR3d 302.04. In *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), the Missouri Supreme Court found that " 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.' " In a more recent case the Supreme Court decided that MAI–CR3d 302.04 "clearly requires that the jury find the defendant guilty beyond a reasonable doubt and merely explains that term to the jury, unlike the charge in *Cage,* which equated proof beyond a reasonable doubt

with a lower standard." *State v. Griffin,* 818 S.W.2d 278, 282 (Mo. banc 1991). Thus, the court reaffirmed its holding in *Antwine* and found this instruction meets the constitutional requirement that the jury must be instructed that the defendant must be proven guilty beyond a reasonable doubt. *Id.* The defendant's second point is denied.

Affirmed.

STEPHAN and CRIST, JJ., concur.