**Robert Dean ALFF, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 21786.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1998.

**1.** A jury convicted Movant of the class D felony of driving while intoxicated in his underlying

Tara L. Jensen, Asst. Appellate Defender, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., for Respondent.

MONTGOMERY, Chief Judge.

Robert Dean Alff (Movant) appeals from a judgment, after an evidentiary hearing, denying his Rule 29.15 motion for postconviction relief.[1] He contends that the motion court erroneously denied his motion because his trial counsel in the underlying criminal case rendered ineffective assistance of counsel "by failing to call [Movant] as a witness to testify on his own behalf."

■ The motion court found "that it was Movant's decision not to testify at trial, and that his decision was not the result of any coercion on the part of trial counsel." The record supports this finding.

At trial, the court questioned Movant concerning his decision on whether or not to testify. Outside the presence of the jury, the following colloquy occurred:

THE COURT: ... [Does the] defendant expect to present evidence?

MR. VAN ARKEL: No sir, Your Honor. I've talked to Mr. Alff about his right to testify, and he indicates to me that he understands he has a right to testify. He also understands he has a right not to testify and that no statement could be made by the State about that. He has elected, with my advice, not to testify.

THE COURT: All right. Mr. Alff, would you stand just a minute?

Mr. Alff, are you satisfied with the attorney's services you've received?

DEFENDANT ALFF: Yes, sir.

THE COURT: And your attorney just recited that you do not expect to testify in this case?

DEFENDANT ALFF: Yes, sir.

THE COURT: And that's a decision that should be made by you and not by your attorney, although you should rely upon legal advice for that decision.

criminal case. He was sentenced to four years' imprisonment.

Have you had sufficient time to talk to your attorney about that matter?

DEFENDANT ALFF: Yes, sir.

THE COURT: And what is your decision?

DEFENDANT ALFF: I choose not to.

At Movant's evidentiary hearing, his deposition testimony was received in evidence. On cross-examination, Movant admitted that his trial counsel did not tell him not to testify, but that it was his understanding that trial counsel preferred he did not testify.

 The decision on whether to testify belongs to the defendant. *State v. Blewett,* 853 S.W.2d 455, 461 (Mo.App.1993). If a defendant wants to testify and his attorney refuses to call him as a witness, relief is warranted. *Id.* However, the right to testify can be waived. *Id.*

The motion court's finding is supported by substantial evidence and is not against the weight of the evidence. Its judgment is based on findings of fact that are not clearly erroneous and no error of law appears. *See State v. Blewett, supra.* Further opinion would have no precedential value. The judgment denying Movant's Rule 29.15 motion is affirmed pursuant to Rule 84.16(b)(2) and (5).

SHRUM and BARNEY, JJ., concur.