Bobby G. ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59015.

Missouri Court of Appeals, Western District.

July 10, 2001.

Sarah N. Weber, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

Before THOMAS H. NEWTON, P.J., JOSEPH M. ELLIS, J. and RONALD R. HOLLIGER, J.

NEWTON, Judge.

**Factual and Procedural Background**

This is an appeal from the denial of Mr. Bobby G. Allen's postconviction motion without an evidentiary hearing. Mr. Allen had been convicted of two counts of stealing, and the factual circumstances were as follows.

Mr. Monty Martin was working as a loss prevention officer at The Jones Store in December 1995, when he observed Mr. Allen remove four trench coats from a display rack. Mr. Martin radioed Mr. Michael Terreno, another security officer, and informed him that a man, later identified as Bobby G. Allen, was in the process of stealing several trench coats. Mr. Allen walked out of the department, ran down the up escalator to the lower level of the store, passed by the cash register, and attempted to leave the store without pay-ing for the coats. Mr. Martin chased Mr. Allen through the store, and before Mr. Allen was able to make it completely out of the doors, he become involved in a physical altercation with both security officers. During the altercation, Mr. Allen broke away from the officers, dropped the coats, and ran out of the store. Mr. Allen managed to run a few blocks before he was apprehended and arrested for stealing.

In February 1996, Mr. Allen returned to The Jones Store. Mr. Martin and Mr. Terreno watched Mr. Allen from a two-way mirror, and they observed him take several trench coats off of a clothes rack. Mr. Allen was approaching the escalator when he saw Mr. Martin. Mr. Allen again ran down the up escalator. Mr. Martin chased, captured, and escorted Mr. Allen to the security office in the store. Mr. Allen was arrested again for stealing.

After a jury trial, Mr. Allen was convicted of two counts of stealing. Mr. Allen was later sentenced as a prior and persistent offender by the Honorable Thomas C. Clark.

After the trial and sentencing, Mr. Allen timely filed a *pro se* motion for postconviction relief under Rule 29.15 [1]. Because he did not allege the date of this court's mandate affirming his convictions in his *pro se* motion, the motion was dismissed as untimely. He appealed the dismissal, and the motion was granted and remanded with directions that the motion court appoint counsel for Mr. Allen and allow counsel to file an amended motion.

Motion counsel filed an amended motion and requested an evidentiary hearing alleging that Mr. Allen's trial counsel was ineffective for failing to call him to testify during trial. The motion court denied Mr.

---

**1.** All references to Rule 29.15 are to Missouri Court Rules (1999), unless otherwise indicat-ed.

Allen's motion without an evidentiary hearing. This appeal follows.

Mr. Allen raises one point on appeal. Mr. Allen asserts that the motion court erred in denying him an evidentiary hearing because he stated facts, not conclusions, which if true would warrant relief. Further, Mr. Allen claims that the allegations are not refuted by the record, and he was prejudiced in that trial counsel failed to call him to testify at the close of the State's evidence, even though he informed trial counsel that he wanted to testify on his own behalf.

## Standard of Review

■ Appellate review of the denial of a claim of ineffective assistance of counsel under Rule 29.15 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.[2] Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court has a definite and firm impression that a mistake has been made.[3]

## Legal Analysis

■ In this appeal, Mr. Allen contends that he was denied effective assistance of counsel because trial counsel refused to allow him to testify on his own behalf. Consequently, he claims he is entitled to an evidentiary hearing. Mr. Allen bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence .[4] In order to prevail on a claim of ineffective assistance of counsel, Mr. Allen must satisfy a two-prong test, proving (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) counsel's failure prejudiced him.[5] To show prejudice, movant must prove that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different.[6] Mr. Allen must satisfy both prongs or his claim for ineffective assistance of counsel will fail.[7]

■ To be entitled to an evidentiary hearing, Mr. Allen must (1) allege facts, not conclusions, which, if true, would entitle him to relief; (2) demonstrate that the allegations are not refuted by the record; and (3) show that the matters complained of prejudiced him.[8] An evidentiary hearing is not required if the motion court determines that the motion, files, and records of the case conclusively show that the movant is entitled to no relief.[9]

■ Mr. Allen asserts that trial counsel was ineffective because he did not call Mr. Allen as a witness. The motion court, however, found that it was reasonable trial strategy to not allow Mr. Allen to testify when the attorney fears the testimony may hurt rather than help his client's defense. Reasonable trial strategy will not support a claim of ineffective assis-

2. *State v. Miller*, 981 S.W.2d 623, 633 (Mo. App. W.D.1998) (citations omitted).

3. *Id.*

4. *State v. Bolds*, 913 S.W.2d 393, 396 (Mo. App. W.D.1996).

5. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

6. *State v. Kelly*, 885 S.W.2d 730, 735 (Mo. App. W.D.1994).

7. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998), *cert. denied* 526 U.S. 1100, 119 S.Ct. 1580, 143 L.Ed.2d 674 (1999).

8. *State v. Fanning*, 939 S.W.2d 941, 948 (Mo. App. W.D.1997).

9. *Id.;* Rule 29.15(g).

tance of counsel.[10] But it has long been established that, in a criminal case, a defendant's right to testify is personal to him because it is a fundamental constitutional right, and only the defendant has the power to waive that right.[11] Furthermore, like all constitutional rights, the waiver must be made voluntarily and knowingly.[12]

██ The record is devoid of any indication that Mr. Allen knowingly waived his right to testify. We have previously recommended that the trial court and the attorneys create a record outside the hearing of the jury, while the defendant is under oath, indicating the defendant's waiver of his right to testify.[13] This is accomplished simply by asking the defendant at the close of the State's evidence if he would like to testify, and, if not, then the court should advise him that he is waiving his right to testify. Mr. Allen's allegation that he wanted to testify on his own behalf and that his attorney refused to call him as a witness, if true, warrants relief. The record does not refute these allegations, and it fails to show that Mr. Allen voluntarily and knowingly waived his right to testify. "A violation of a constitutional right of this magnitude is presumed prejudicial." [14]

Moreover, Mr. Allen claims he would have offered the following explanation by testifying:

On December 1, 1995, he was planning to pay for the coats, but as he was carrying the coats, the store security guards hit him in the head from behind. The guards continued to attack him so he dropped the coats and ran out of the store for his own safety. On February 1, 1996, he went back to The Jones Store to look for his watch he lost on December 1, 1995. When the security guards saw him, they yelled at him. Fearing he would be attacked again, he ran out of the store. On his way out of the store, he accidentally knocked over a vase. In order to keep the vase from breaking, he grabbed it. Once he was outside, he put the vase down.

██ Based on *State v. Starks*,[15] a defendant must allege facts regarding his proposed testimony for an evidentiary hearing to be considered.[16] Here, Mr. Allen stated his proposed testimony in his Rule 29.15 amended motion. Therefore, because Mr. Allen claimed that he advised his trial counsel that he wanted to testify, but trial counsel did not allow him to testify; he stated the testimony he would have presented at trial; and the record does not show that he knowingly and voluntarily waived his right to testify, we must remand the case to the motion court for the limited purpose of determining whether Mr. Allen voluntarily waived his right to testify.[17]

## Conclusion

The motion court's judgment denying Mr. Allen's Rule 29.15 motion is reversed and remanded for a hearing on Mr. Allen's

10. *State v. Maddix*, 935 S.W.2d 666, 671 (Mo. App. W.D.1996).

11. *Fanning*, 939 S.W.2d at 949.

12. *Id.* at 949–50 (quoting *State v. Blewett*, 853 S.W.2d 455, 460 (Mo.App. W.D.1993)).

13. *Kenney v. State*, 46 S.W.3d 123, 126 (Mo. App. W.D.2001).

14. *Blewett*, 853 S.W.2d at 461.

15. 856 S.W.2d 334 (Mo. banc 1993).

16. *Id.* at 336; *see also State v. Barnaby*, 950 S.W.2d 1, 5 (Mo.App. W.D.1997).

17. *See Fanning*, 939 S.W.2d at 949–50; *see also State v. Roddy*, 963 S.W.2d 313, 317 (Mo.App. W.D.1997).

claim that his trial counsel precluded him from testifying at trial.

JOSEPH M. ELLIS, Judge and RONALD R. HOLLIGER, Judge, concur.