

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD36344 |
| | ) | Filed:  September 9, 2020 |
| GABRIEL A. PULLIAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Circuit Judge

**AFFIRMED**

Gabriel Pulliam (Defendant) appeals from his conviction of the class C felony of

delivery of a controlled substance.  *See* § 579.020.[1]  He exercised his personal

constitutional right to testify at his trial.  On appeal, Defendant contends the trial court

plainly erred by failing to advise Defendant, before he took the stand, of his Fifth

Amendment privilege against self-incrimination.  According to Defendant, the trial court's

failure to conduct that inquiry is a plain error warranting relief.  We decline to engage in

plain error review because Defendant has not met his burden of demonstrating facially

---

[1]  All statutory references are to RSMo (2016).  All rule references are to Missouri
Court Rules (2020).

substantial grounds for believing that the alleged error resulted in a manifest injustice or miscarriage of justice.

*Factual and Procedural Background*

During *voir dire*, defense counsel asked the venire panel if they understood that Defendant did not have to testify. Counsel stated, in pertinent part:

> [U]nder the Constitution … we have no duty to testify to prove that we didn't do anything. Does everybody understand that? Now, a lot of people will say: If you're not guilty of something, why wouldn't you get on the stand and testify to that? Do a lot of people say that in their minds? I think a lot of people do. But under the Constitution, [Defendant] has no duty whatsoever to do anything in this case. … Does everyone agree with that?

Defendant was present at counsel table during *voir dire* when this statement was made by his attorney.

At the beginning of Defendant's case-in-chief, defense counsel gave an opening statement in which he said that Defendant intended to testify about the events of the alleged undercover drug sale. Defendant was the first witness called. The trial court asked Defendant no questions before he testified. During direct examination, defense counsel noted that Defendant had brought up numerous times that he wanted to address certain issues during his testimony.

After Defendant was found guilty, no Fifth Amendment constitutional issue was included in his motion for new trial. The trial court sentenced Defendant, as a prior and persistent offender, to serve 12 years in prison. This appeal followed.

*Standard of Review*

Defendant concedes that he did not preserve the error raised in his point. He requests plain error review pursuant to Rule 30.20. We apply the following standard of review to that point:

Generally, this Court does not review unpreserved claims of error. *State v. Cella*, 32 S.W.3d 114, 117 (Mo. banc 2000). Rule 30.20 alters the general rule by giving appellate courts discretion to review "plain errors affecting substantial rights may be considered in the discretion of the court ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.' " *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), and Rule 30.20). "The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review." *State v. Nathan*, 404 S.W.3d 253, 269 (Mo. banc 2013). "The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014). Unless manifest injustice or a miscarriage of justice is shown, an appellate court should "decline to review for plain error under Rule 30.20." *Id.* at 196. Finally, "the defendant bears the burden of demonstrating manifest injustice entitling him to" plain error review. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)).

**State v. Brandolese**, 601 S.W.3d 519, 525-26 (Mo. banc 2020).

*Discussion and Decision*

Defendant contends the trial court plainly erred by failing to advise Defendant of his Fifth Amendment privilege against self-incrimination before he took the stand. According to Defendant, his "absolute right not to testify … can only be protected by the trial court conducting a colloquy with [Defendant] both expressly informing him of his fundamental right not to testify and ensuring [he] made a knowing, voluntary, and intelligent waiver of this right before giving testimony." We decline to review Defendant's point for plain error.

In **Brandolese**, our Supreme Court declined plain error review because the defendant failed to meet his burden of demonstrating there were substantial grounds for believing that a manifest injustice or miscarriage of justice resulted from the alleged error. **Brandolese**, 601 S.W.3d at 526. We reach the same conclusion here. Defendant exercised

3

his personal, constitutional right to testify in his own defense. *See State v. Davis*, 318 S.W.3d 618, 637 (Mo. banc 2010) (a criminal defendant has a constitutional right to testify on his own behalf at trial); *Allen v. State*, 50 S.W.3d 323, 327 (Mo. App. 2001) (the right to testify is a fundamental constitutional right that is personal to the defendant). The transcript demonstrates that Defendant heard his own counsel say that Defendant had no duty to testify, but he chose to do so anyway. Defense counsel acknowledged, in at least two questions, that it was Defendant who wanted to address those issues during his testimony. In Defendant's brief, he concedes that he is not claiming his decision to testify would have been any different, even if the trial court had discussed Defendant's Fifth Amendment privilege against self-incrimination before he testified. Therefore, Defendant has failed to meet his burden of establishing facially substantial grounds for believing that the alleged error resulted in a manifest injustice or miscarriage of justice. For that reason, we decline to engage in plain error review of Defendant's point, and the trial court's judgment is affirmed.

JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR